IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ROBERT C. WILLIS
      Petitioner,

vs.                                Case No.:  3:06cv130/LAC/EMT

JAMES R. McDONOUGH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  The filing fee has been paid.  Respondent filed a motion to dismiss the petition as untimely (Doc. 14), and Petitioner filed a response in opposition to the motion (Doc. 16).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

Petitioner does not dispute Respondent's recitation of the procedural history of this case. Petitioner challenges the final judgment and sentence entered when his probation was revoked in 2001 (Doc. 1 at 1; Doc. 14 at 2).  Petitioner was originally charged in 1992 in the Circuit Court for Okaloosa County, Florida, with one count of principal to first degree premeditated murder and/or felony murder, one count of principal to robbery with a firearm, and one count of attempted first degree premeditated murder and/or felony murder (Doc. 14 at 2, Ex. A).  Pursuant to a written plea agreement, Petitioner pleaded nolo contendere to reduced charges of principal to third degree felony murder, principal to robbery with a firearm, and principal to attempted second degree murder (*id.*,

Ex. B).  On October 12, 1993, Petitioner was sentenced to twelve (12) years of imprisonment to be followed by eighteen (18) years of probation (Doc. 14 at 2, *see also* Ex. C).

Petitioner served the incarcerative portion of his sentence and began serving his probation. On November 20, 2001, Petitioner's probation was revoked, and he was sentenced to twenty-seven (27) years of incarceration (Doc. 14, Ex. D).  Petitioner did not directly appeal his judgment of conviction and sentence.

On July 6, 2005, Petitioner filed a motion to correct or modify sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 14, Ex. E).  Petitioner challenged his sentence on two grounds:  (1) his sentence was based upon an incorrect sentencing score sheet, and (2) his sentence violated due process because it was vindictive (*id*.).  The trial court denied the motion on August 31, 2005 (*id*., Ex. F).  Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam on February 15, 2006, with the mandate issuing March 14, 2006 (*id*., Ex. F).  Willis v. State, 924 So.2d 819 (Fla. 1st DCA Feb. 15, 2006) (Table).

Petitioner filed the instant habeas action on March 21, 2006 (Doc. 1 at 6).  He challenges his VOP sentence on the same grounds raised in his Rule 3.800(a) motion (*id*. at 4).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the date his conviction became final.  Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant does not directly appeal his conviction, the conviction becomes final thirty (30) days after rendition of the order of judgment of conviction and sentence.  *See* Fla. R. App. P. 9.110(b); <u>Gust v. State</u>, 535 So.2d 642 (Fla. 1st DCA 1988 (if defendant does not appeal conviction or sentence, judgement of conviction and sentence become final when 30 day period for filing appeal expires).  In the instant case, the Okaloosa Circuit Court rendered its judgment on December 21, 2001 (Doc. 14, Ex. D at 1).  *See* Fla. R. App. P. 9.020(h) (order is "rendered" when signed, written order is filed with clerk of lower tribunal).  Thus, Petitioner's one-year limitations period began to run on January 21, 2002, upon expiration of the 30-day period for filing a notice of appeal, and the limitations period expired on January 21, 2003.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.  Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that one thousand two hundred sixty-two (1,262) days elapsed from January 21, 2002, the date Petitioner's conviction became final, and July 6, 2005, the date he filed his first post-conviction motion challenging his VOP conviction and sentence.  Thus, by the time Petitioner filed this post-conviction motion, the 365-day federal limitations period had already expired.  As Petitioner's Rule 3.800(a) motion was filed after expiration of the federal limitations period, that motion did not toll the limitations period.  *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000).

In his response to the motion to dismiss, Petitioner contends he is entitled to equitable tolling of the limitations period for three reasons:  (1) he is unlearned in the law; (2) he relied on the assistance of prison law clerks to determine if he had any viable claims, but his original charge and sentencing were pursuant to "an outdated system" that the clerks were unknowledgeable about, and (3) the prison law library did not have a "major collection of law books" (Doc. 16 at 2). Additionally, he states he diligently attempted to discover grounds to challenge his conviction and sentence with the resources that were available to him (*id*. at 3).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*).  "The focus of the inquiry regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (quoting Helton, 259 F.3d at 1314-15) (citing Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted on other grounds*, --- U.S. ---, 126 S. Ct. 1625, 164 L. Ed. 2d 332 (2006).  The burden of establishing entitlement to this extraordinary remedy rests with Petitioner.  Wade, *supra*; Drew, *supra*.

Petitioner's allegations of ignorance of the law, inability of inmate law clerks to provide him assistance, and absence of a "major collection" of books do not constitute extraordinary circumstances. *See, e.g.,* Marsh v. Soares, 223 F.3d 1217 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which

would toll the statute of limitations.") (citing <u>Henderson v. Johnson</u>, 1 F. Supp. 2d 650, 656 (N.D. Tex. 1998) and <u>Bilodeau v. Angelone</u>, 39 F. Supp. 2d 652, 659 & n.1 (E.D. Va. 1999) (petitioner's claim that the delay in filing the petition resulted from his seeking legal assistance would neither establish excusable neglect, so as to warrant an enlargement of time to file the petition, or support the equitable tolling of the statute of limitations)).

Furthermore, Petitioner has failed to show he made diligent efforts to timely file his federal petition.

> To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition.  He must show 'when he found out about the library's alleged deficiency,' must 'state any independent efforts he made to determine when the relevant limitations period began to run,' and must demonstrate how the prison 'thwarted his efforts.'  Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library is insufficient.

<u>Arthur</u>, *supra* (quoting  <u>Helton</u>, 259 F.3d at 1314).   In the instant case, Petitioner does not allege that the prison law clerks or the law library were inadequate resources for determining that a federal limitations period existed and when the limitations period began to run.  Furthermore, he does not provide any specifics on independent efforts he made to determine when the federal limitations period began to run or to file his federal petition on time.  *Cf.* <u>Helton</u>, 259 F.3d at 1314 ("Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts.  Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library."); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate.") Therefore, equitable tolling is not warranted in this case.

As the Petitioner's federal petition is untimely, and he has failed to demonstrate his entitlement to equitable tolling of the limitations period, or that application of any other exception to the time bar is warranted, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 14) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice**
as untimely.

At Pensacola this 28<u>th</u> day of September 2006.



                                        <u>/s/ Elizabeth M. Timothy            </u>
                                        **ELIZABETH M. TIMOTHY**
                                        **UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten
(10) days after being served a copy thereof.  <u>Any different deadline that may appear on the
electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon
the magistrate judge and all other parties.  Failure to object may limit the scope of appellate
review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701
(11th Cir. 1988).**